FILED

2015 MAR -9 PM 2: 28

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO COMMUNICATIONS LLC,

Plaintiff,

v.                                    Case No. 6:15-cv-360-ORL-37-DAB

ZTE CORPORATION, ZTE USA, INC.,
ZTE SOLUTIONS, INC.,
and T-MOBILE USA, INC.,

Defendants.
_____/

**COMPLAINT OF PLAINTIFF ORLANDO COMMUNICATIONS LLC FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL -- INJUNCTION SOUGHT**

Plaintiff, Orlando Communications LLC ("Orlando"), complains against Defendants, ZTE Corporation, ZTE USA, Inc., and ZTE Solutions, Inc. (together, "ZTE"), and T-Mobile USA, Inc. (the "Carrier") (collectively, "Defendants"):

**PARTIES**

1. Orlando is a Florida limited liability company, with principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2. ZTE Corporation is a Chinese corporation, with principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guandong Province, P.R. China 518057.

3. ZTE USA, Inc. is a New Jersey corporation, with principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

4. ZTE Solutions, Inc. is a Delaware corporation, with principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

5. The Carrier is a Delaware limited partnership, with principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

6. The Carrier provides to subscribers, in return for payments, mobile voice and data services ("the Carrier Services") over its 3G or 4G wireless network ("the Carrier Network") and terms for purchasing and obtaining Carrier Handsets, configured to use the Carrier Services. Carrier Handsets include certain ZTE tablets, smartphones, and other 3G or 4G voice/data mobile units that comply with Carrier requirements and have been configured to interoperate with, and become part of, the Carrier Network.

7. The Carrier Handsets include the T-Mobile 4G LTE HotSpot Z915, T-Mobile Aspect (F555), T-Mobile Rocket 3.0 4G laptop stick, T-Mobile Sonic 2.0, ZTE Anthem 4G, ZTE Aspect, ZTE Avid 4G, ZTE Concord II, ZTE Score M, ZTE ZMAX, and possibly others.

8. ZTE manufactures and sells the Carrier Handsets for subsequent sale by the Carrier and for use in the Carrier Network.

## JURISDICTION

9. This action arises under Title 35 of the United States Code, 35 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction because Defendants have responsibility for making, using, offering for sale, selling, importing, making available, and marketing products, the use of which in this district infringes Orlando's patent.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## COUNT I

### Infringement of U.S. Patent No. 6,009,553

12. This Count incorporates by reference paragraphs 1 through 11, above.

13. Orlando owns United States Patent No. 6,009,553, entitled "Adaptive Error Correction for a Communication Link," ("the '553 patent"), which the Patent Office issued to inventors Dennis Martinez, Thomas Hengeveld, and Michael Axford on December 28, 1999. (Exhibit A).

## Direct Infringement

14. The Carrier has infringed and continues to infringe at least claims 1 and 5 of the '553 patent by providing the Carrier Services and by providing and using the Carrier Handsets. The Carrier thus has liability under 35 U.S.C. § 271(a).

15. The Carrier infringes in various ways. For example, it supplies Carrier Handsets for use on, and thereby forming part of, the Carrier Network, which handsets, together with other components that the Carriers operate, are programmed, when enabled and ready to transmit data, to automatically perform each step of at least claims 1 and 5 of the '553 patent. In addition, certain components of the Carrier Network that the Carrier itself operates, such as base stations, perform steps of claims 1 and 5 while the Carrier causes a Carrier Handset to automatically carry out the remaining steps of those claims.

## Indirect Infringement – Contributory

16. Defendants, by supplying Carrier Handsets that are used to directly infringe at least claims 1 and 5 of the '553 patent, have contributed to, and continue to contribute to, the direct infringement by others.

17. Defendants contribute by offering to sell, selling, or importing the Carrier Handsets, which have distinct and separate portions ("the Components") for use only in practicing the patented process, constituting a material part of the invention, knowing the Components to be especially made or adapted for use in infringing the '553 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Components include

the portions of software, hardware, or firmware on the Carrier Handsets, software updates for the Carrier Handsets, and software on individual chips or chipsets that form part of the Carrier Handsets and that are used only for performing the steps of the claimed method.

18. ZTE had notice, at least as early as May 2014, and the Carrier had notice, at least as early as June 2014, of Orlando's allegations of infringement and identification of the Carrier Handsets, which contain distinct and separate portions of software, hardware, or firmware for use only in infringing at least claims 1 and 5 of the '553 patent and notice of the Components especially made or especially adapted for use in infringing the '553 patent that were not staple articles or commodities of commerce suitable for substantial non-infringing use. Despite that notice, they have continued to provide the Carrier Handsets. Defendants thus have known and intended (since receiving such notice) that their continued actions would contribute to infringement of the '553 patent.

19. Defendants' conduct creates liability under 35 U.S.C. § 271(c).

### Indirect Infringement - Inducement

20. In addition to direct infringement by the Carrier, each end user who operates one of the above listed Carrier Handsets according to the Defendants' instructions directly infringes by necessarily causing the Carrier Handset and other devices in the Carrier Network to perform all the steps of at least claims 1 and 5 of the '553 patent. Those devices automatically run software, hardware, or firmware Defendants have installed; the running of that software, hardware, or firmware causes those end users to directly infringe the '553 patent. Defendants thus have infringed, and continue to infringe, the '553 patent by actively inducing others to use the Carrier Handsets.

21. The Defendants have taken and continue to take active steps to encourage Carrier Services subscribers to purchase the Carrier Handsets and encourage and facilitate the

subscribers' use of the Carrier Handsets in the Carrier Network, which use inherently infringes the '553 patent.

22. ZTE had notice, at least as early as May 2014, and the Carrier had notice, at least as early as June 2014, that its activities cause others to infringe these patents. Despite that notice, they have continued those activities. Defendants thus have known and intended (since receiving such notice) that their continued actions would induce actual infringement of the '553 patent.

23. Defendants' inducement creates liability under 35 U.S.C. § 271(b).

24. Defendants' infringement has damaged Orlando.

25. Each Defendant's infringement and consequent damage will continue unless that Defendant is enjoined.

26. Defendants are liable in an amount that adequately compensates Orlando for the infringement, which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### Infringement of U.S. Patent No. 5,687,196

27. This Count incorporates by reference paragraphs 1 through 11, above.

28. Orlando owns United States Patent No. 5,687,196, entitled "Range and Bearing Tracking System with Multipath Rejection" ("the '196 patent"), which the Patent Office issued to inventors James Arthur Proctor, Jr. and James Carl Otto on November 11, 1997. (Exhibit B).

### Direct Infringement

29. The Carrier has infringed and continues to infringe at least claim 12 of the '196 patent because its Carrier Network performs each step of that claim. The Carrier thus has liability under 35 U.S.C. § 271(a).

30. The Carrier's infringement has damaged Orlando.

31. The Carrier is liable in an amount that adequately compensates Orlando for the infringement, which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### **DEMAND FOR JURY TRIAL**

Orlando requests a trial by jury.

### **PRAYER FOR RELIEF**

For the above reasons, Orlando respectfully requests that this Court enter judgment:

A. That each Defendant has infringed the '553 patent;

B. That the Carrier has infringed the '196 patent;

C. Enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity with it from infringing the '553 patent, under 35 U.S.C. § 283;

D. That each Defendant pay Orlando damages, with interest and costs, under 35 U.S.C. § 284;

E.  Declaring this case exceptional under 35 U.S.C. § 285 and awarding attorneys' fees; and

F.  Granting any further relief that the Court may deem appropriate.

Dated: March 9, 2015

---

SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Paul J. Hayes – Trial Counsel
E-Mail: phayes@hayesmessina.com
James J. Foster
E-mail: jfoster@hayesmessina.com
Daniel McGonagle
E-Mail: dmcgonagle@hayesmessina.com
HAYES MESSINA GILMAN & HAYES, LLC
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 439-4200
Facsimile : (617) 443-1999

**ATTORNEYS FOR PLAINTIFF
ORLANDO COMMUNICATIONS LLC**